UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MELL T. BRU'TON, <br>     No. 131799, <br><br>     Petitioner, <br><br> v. <br><br> DEBRA JOHNSON, <br><br>     Respondent. | No. 3:15-cv-00884 <br> Judge Trauger |

## **M E M O R A N D U M**

Pending before the court is a petition for a writ of *habeas corpus* brought under an unspecified statute. (Docket No. 1). The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Complex (TCIX) in Only, Tennessee.

### I. Introduction

The instant petition alleges that the parole board failed to credit the petitioner with sixteen months of pre-trial jail time and work program participation to which he is entitled. Had the credits been applied by the parole board, the petition alleges that the petitioner's term of imprisonment would have already expired. Consequently, the petition seeks the immediate release of the petitioner.

On June 8, 2015, the petitioner filed a petition for *habeas corpus* relief in a Davidson County, Tennessee state court. (Docket No. 1, Attach. 3 at p. 6). It is unclear whether any court has issued a ruling on that petition.

### II. Analysis

Title 28 U.S.C. § 2241 generally is used to challenge the execution of a sentence, or the

1

manner in which a sentence is being served. *Muhammad Ali v. Tennessee Board of Pardon and Paroles*, 431 F.3d 896, 896 (6th Cir. 2006). Relief under § 2241 is available where a petitioner has been denied his rights under the Constitution and/or laws of the United States. 28 U.S.C. § 2241(c)(3). Claims cognizable under § 2241 generally pertain to claims such as the computation of parole or sentencing credits. *Cohen v. United States*, 593 F.2d 766, 770-771 (6th Cir. 1979).

The petitioner claims that he has not received all of the credits to which he is entitled. As a result, he contends that he is being held illegally by the respondent at the TCIX since he should have been released by now.

The law is well established that a petition for federal *habeas corpus* relief will not be considered unless a petitioner has first exhausted all available state court remedies for each claim presented in his petition. *Cohen v. Tate*, 779 F.2d 1181, 1184 (6th Cir. 1985). This exhaustion requirement springs from consideration of comity between the states and the federal government and is designed to give the state an initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971). This means that, as a condition precedent to seeking federal relief, a petitioner's claims must have been fairly presented to the state courts. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Once the federal claims have been raised in the state's highest court, the exhaustion requirement is satisfied, even if that court refuses to consider them. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990). The burden of showing compliance with the exhaustion requirement rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)(overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)); *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

It is unclear from the petition whether the petitioner has fully and fairly presented his claims,

as a matter of federal law, to the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Stanford v. Parker*, 266 F.3d 422, 451 (6th Cir. 2001). The petitioner states that, on June 8, 2015, he filed a petition for writ of *habeas corpus* "to original Div. 6 Circuit Court Judge Fishburn in Naashville, Tn." and that, to date, that court has not responded to his claim. (Docket No. 1 at p. 1). He further states that he has "attempted submitting claim to Tennessee Supreme Court challenging legality of conviction." (*Id*. at pp. 1-2). If a state court petition by the petitioner is, in fact, still pending, a federal petition for writ of *habeas corpus* would be premature at this time.

When a *habeas corpus* petitioner fails to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. *Rose v. Lundy*, 455 U.S. at 522. Acknowledging that the prisoner is proceeding *pro se*, the court will grant the petitioner thirty (30) days to show cause why his petition should not be dismissed for failure to fully exhaust the state court process prior to filing in federal court.

### III. Conclusion

After conducting a preliminary review of the petition, it appears that the petition should be dismissed for failure to exhaust state court remedies. However, the petitioner will be given thirty (30) days to show cause why his petition should not be dismissed.

An appropriate order will enter.

_____
Aleta A. Trauger
United States District Judge