# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| MELL T. BRU'TON, <br> No. 131799, | ) <br> ) <br> ) | |
| Petitioner, | ) <br> ) | No. 3:15-cv-00884 <br> Judge Trauger |
| v. | ) <br> ) | |
| DEBRA JOHNSON, | ) <br> ) | |
| Respondent. | ) | |

## **M E M O R A N D U M**

Petitioner Mell T. Bru'ton has filed a *pro se, in forma pauperis* petition for a writ of *habeas corpus*. (Docket No. 1). An inmate of the South Central Correctional Complex in Clifton, Tennessee, the petitioner is serving a term of imprisonment of fourteen years. The petitioner claims he was denied pre-trial, sentencing, and/or good behavior credits in his underlying state criminal case.

## I. INTRODUCTION AND BACKGROUND

On June 8, 2006, Bru'ton entered a plea of guilty to five counts of identity theft trafficking in Davidson County Criminal Court. (Docket No. 1, Attach. 3 at pp. 24-32; Notice of Filing, Attach. 1 at 38-46). On November 9, 2011, the petitioner's supervised release on community corrections was revoked, and he was ordered to serve his fourteen-year sentence. (Docket No. 1, Attach. 3 at 33-34; Notice of Filing, Attach. 1 at 49-53). The petitioner pursued a direct appeal of the revocation, and the Tennessee Court of Criminal Appeals denied his appeal on October 19, 2012. *State of Tennessee v. Mell Bru'ton*, No. M2011-02548-CCA-R3-CD, 2012 WL 5188113 (Tenn. Crim. App. Oct. 19, 2012). The petitioner did not petition the Tennessee Supreme Court for a writ of certiorari to review the Tennessee Court of Criminal Appeals' decision. He did, however, later

file with the Tennessee Supreme Court a "Declaratory Order of Certoraia [sic] Petition to Show Manifest and Plain Error—Fatal Variance" on January 15, 2014. (Docket No. 7, Attach. 1 at 23-27; Notice of Filing, Attach. 6). The Tennessee Supreme Court, interpreting the filing as a petition for writ of certiorari raising claims of ineffective assistance of counsel, denied the petition on January 21, 2014. (Docket No. 7, Attach. 2 at 4; Notice of Filing, Attach. 7).

The petitioner filed the instant federal petition for writ of *habeas corpus* on August 11, 2015. (Docket No 1). The petitioner named Debra Johnson, the Warden of the Turney Center Industrial Complex, as the respondent. On October 19, 2015, the petitioner filed a motion to substitute wardens (Docket No. 15), which the court will grant by accompanying order.

After reviewing the petition, the court ordered the petitioner to show cause why the petition should not be dismissed for a failure to exhaust state remedies (Docket No. 4), to which the petitioner responded (Docket No. 7). On September 25, 2015, the court directed the respondent to file an answer, plead, or otherwise respond to the petition pursuant to Rule 5 of the Rules Governing § 2254 Cases. (Docket No. 9).

The respondent has now filed a motion to dismiss urging the court to deny the petition and dismiss the action. (Docket Nos. 17 and 18). The petitioner has filed a response to the motion to dismiss. (Docket No. 33).

Upon consideration of the record, the court concludes that an evidentiary hearing is not needed. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief). Therefore, the court shall dispose of the petition as the law and justice requires. Rule 8(a), Rules — § 2254 Cases.

Jurisdiction and venue in this court are appropriate under 28 U.S.C. § 2241(d) because the petitioner was convicted in the Davidson County Criminal Court in Nashville, Tennessee.

## II. ANALYSIS

In the motion to dismiss, the respondent contends that the claims raised in the instant petition are time-barred because the petitioner filed his petition 600 days (or one year, seven months, twenty-three days) after the governing one-year statute of limitations expired. (Docket No. 18 at p. 4). In addition, the respondent argues that the petitioner has not exhausted his available state remedies, and this petition should be dismissed. (*Id*. at p. 5).

### A. The petition was not timely filed.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances:

> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. §§ 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

The record before the court shows that the date on which the petitioner's judgment became final by conclusion of direct review was December 19, 2012.[1] The federal-limitations period ran from December 19, 2012, to December 18, 2013.

The petitioner filed his federal habeas petition on August 11, 2015. (Docket No. 1). The petition was filed **at least 600 days** beyond the AEDPA's one-year limitations period. Thus, the petition is untimely.

### B. Equitable tolling does not apply.

Although the petition is untimely, the law is well-settled that the one-year limitations period

---

[1]On October 20, 2012, the sixty (60) day period within which the petitioner could appeal the decision of the Tennessee Court of Criminal Appeals began. *See Fed. R. Civ. P.* 6(a)(1)(a) (when the governing time period is stated in days, the court excludes the day of the event that triggers the period; thus, here, October 19, 2012, is excluded); *see Tenn. R. App. P.* 11(b)(sixty-day period to file a notice of appeal of the judgment of the Tennessee Court of Criminal Appeals).

4

expressed in §§ 2244 and 2255 does not operate as a jurisdictional bar to *habeas corpus* petitions; the one-year limitations period may be equitably tolled under exceptional circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).

Until recently, the Sixth Circuit used a five-factor inquiry to determine whether a habeas petitioner was entitled to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001)(factors included (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim). The Supreme Court's decision in *Holland v. Florida,* 560 U.S. 631 (2010), replaced the five-factor inquiry with a two-part test, under which a habeas petitioner is entitled to equitable tolling only if the petitioner shows that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Hall v. Warden*, 662 F.3d 745, 749 (6th Cir. 2011)(citing *Holland*, 560 U.S. at 648). A movant has the burden to persuade the court that he or she is entitled to equitable tolling. *McSwain v. Davis*, 287 Fed. Appx. 450, 455–456 (6th Cir. 2008) (collecting cases).

"Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002)(citation omitted.). Equitable tolling should be "applied sparingly" by federal courts, *Dunlap*, 250 F.3d at 1008, and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003).

As grounds for equitable tolling, the petitioner first claims that his attorneys failed to notify

5

him of the final judgment entered by the Court of Criminal Appeals for a period of eleven months. (Docket No. 33 at p. 1). The Sixth Circuit has pointed out that "there is some question as to whether attorney negligence of the 'garden variety' can ever warrant equitable tolling." *Clark v. Nissan Motor Mfg. Corp*, 1998 WL 786892, at *3 n.8 (6th Cir. Oct. 26, 1998)(citing *Cantrell v. Knoxville Community Dev. Corp.*, 60 F.3d 1177, 1179-80 (6th Cir. 1995)). Additionally, the petitioner's argument fails to acknowledge his personal responsibility as a litigant to prosecute his own case. Bru'ton could have inquired as to the status of his appeal. Had Bru'ton acted with reasonable diligence, he could have learned the status of his appeal sooner and filed his federal habeas petition on time. The petitioner has not submitted any evidence showing that he stayed abreast of the law or wrote numerous letters to the court or to his attorney seeking information.

According to the petitioner, when he learned of the state appellate court's decision, he did not know that the appropriate next step was to file a petition for post-conviction relief in state court. Instead, he claims that he filed a document called "Motion to Establish Merits Per Dissuade Court Rule in Defendants' Favor" in this court in an attempt to challenge the state court's denial of his appeal. (Docket No. 33 at p. 2).

Even if, as the petitioner alleges, his attorneys waited until September of 2013 to notify him of the decision of the Court of Criminal Appeals, the petitioner did not file his "Motion to Establish Merits Per Dissuade Court Rule in Defendants' Favor" until December 20, 2013. Had he filed his federal habeas petition right away or even two days earlier, he would have been within the one year limitation period.[2]

Notably, the petitioner filed the motion he claims was meant to be a challenge of the state

---

[2]At that time, however, the petitioner had not exhausted his claims in state court. *See infra* pp. 9-11 (discussing the petitioner's failure to exhaust his claims in state court or through the UAPA).

6

appellate court's denial of his appeal in a case he already had pending before this court, *Mell T. Bruton v. Michelle Casteel*, No. 3:13-mc-00131–a case that the petitioner had filed *pro se* on November 3, 2013, seeking the file of former community corrections officer Casteel and alleging a conspiracy by certain government officials to withhold evidence from a state court in the petitioner's underlying criminal case. In other words, the primary purpose of the motion filed by the petitioner was ***not*** to challenge the decision of the Court of Criminal Appeals as he now alleges. Thus, the petitioner has not shown that he was "pursuing his rights diligently" and that "some extraordinary circumstance stood in his way and prevented timely filing" of the instant petition. *Hall*, 662 F.3d at 749.

As an additional ground for equitable tolling, the petitioner claims that he "has a documented history of mental incompetence and is thus unable to adequately understand the complex litigation involved in this case." (Docket No. 33 at p. 1). Although mental impairment does not per se toll the AEDPA limitations period, *Bolarinwa v. Williams,* 593 F.3d 226, 231 (2d Cir.2010); *Hunter v. Ferrell,* 587 F.3d 1304, 1309 (11th Cir.2009), it may do so, but only if a petitioner establishes "a causal link between the mental condition and untimely filing[.]*" Ata v. Scutt,* 662 F.3d at 742. Thus, "[t]o obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations.*" Id.*

Here, the petitioner has not provided the court with any explanation as to how his mental condition impeded his ability to prosecute this case or others. The records submitted by both the petitioner and the respondent demonstrate that the petitioner has prepared a number of *pro se* filings complete with supporting documents. It does not appear that the petitioner's mental condition,

7

whatever it may be, has prevented him from filing federal lawsuits and preparing legal documents in support of those lawsuits.

To the extent that the petitioner claims that equitable tolling should apply because he is not learned in the law, ignorance of the law or a general inexperience with the law has generally not been held to be a reason for equitable tolling. *Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) ("[T]he district court correctly concluded that the reasons Plummer actually gave for the delay in filing her petition—namely her need to find help and inexperience in the law—are not extraordinary circumstances warranting equitable tolling."); *Moore v. United States*, 438 F. App'x 445, 449 (6th Cir. 2011)("Ignorance of the law, even by an incarcerated pro se petitioner, is not grounds to toll the statute."); *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period.").

In summary, the petitioner has not provided the court with facts demonstrating why he could not have filed his petition within a year, had he been reasonably diligent. Nor has the petitioner shown "that he has been pursuing his rights diligently" and that an "extraordinary circumstance stood in his way and prevented timely filing." *Hall,* 662 F.3d at 749. Thus, the court finds that the petitioner has failed to establish grounds that would entitle him to equitable tolling. Bru'ton's petition is untimely and must be dismissed.

**C.    The petitioner has not exhausted his claims in state court.**

The respondent contends that Bru'ton's petition additionally should be dismissed because his claims were not raised in state court. (Docket No. 18 at p. 5).

The law is well established that a petition for federal *habeas corpus* relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. *Rayner v. Mills,* 685 F.3d 631, 643 (6th Cir. 2012); *Cohen v. Tate*, 779 F.2d 1181, 1184 (6th Cir. 1985). This exhaustion requirement springs from consideration of comity between the states and the federal government and is designed to give the state an initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971). This means that, as a condition precedent to seeking federal relief, a petitioner's claims must have been fairly presented to the state courts. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Once the federal claims have been raised in the state's highest court, the exhaustion requirement is satisfied, even if that court refuses to consider them. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990). The burden of showing compliance with the exhaustion requirement rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)(overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994).

Here, the petitioner has not established that he has exhausted his claims in state court. The petitioner's only filings in state court are his direct appeal of a community corrections violations hearing, which the Tennessee Court of Criminal Appeals denied on October 19, 2012, and a petition for writ of certiorari filed with the Tennessee Supreme Court on January 15, 2014. The petitioner did not raise the sentencing credit claims that are the subject of the instant petition in either of these filings. Neither has the petitioner availed himself of the remedies under the Uniform Administrative Procedures Act (UAPA). *See Stewart v. Schofield*, 368 S.W.3d 457, 464-65 (Tenn. 2012) (detailing the applicable procedure under the UAPA and stating that "an inmate dissatisfied with TDOC's calculation of a release eligibility date may challenge the calculation, but the challenge must comply

9

with the procedures of the UAPA"); *see also Yates v. Parker*, 371 S.W.3d 152, 155-56 (Tenn. Crim. App. 2012) (noting that "TDOC has the authority and responsibility to determine sentence expiration dates and release eligibility dates of its prisoners" and holding that challenges to postjudgment sentencing credits are not cognizable in state habeas corpus proceedings)(citing *Shorts v. Bartholomew*, 278 S.W.3d 268, 279 (Tenn. 2009).

The petitioner included with his instant federal petition a copy of a form "Application for Writ of Habeas Corpus" apparently designed to be filed in state court (Docket No. 1, Attach. 1), and another document titled "Habeas Corpus" addressed personally to the judge who presided over the petitioner's sentencing (Docket No. 1, Attach. 3 at pp. 8-13). However, it does not appear that the petitioner has filed either of these items in any state court.

In response to the court's order to show cause why his petition should not be dismissed for failure to exhaust state court remedies, the petitioner asserts that attempting to pursue any state remedies would be futile. (Docket No. 7 at p. 1)("[P]etitioner in limited ability present 'documentation' evidence of the Exhaustive Status of State Court remedies. Thus for futile."). The exhaustion requirement is excused when it would be futile for the petitioner to present his claims to the state courts. *Matlock v. Rose*, 731 F.2d 1236, 1240 (6th Cir. 1984).

In support of his futility argument, the petitioner alleges that the sentencing judge, his defense attorney, and TDOC officials have conspired to keep him in prison. (Docket No. 7 at pp. 5, 7-8). The petitioner also alleges that his requests for assistance sent to current and former criminal defense attorneys have gone unanswered. (*Id*. at 6). The petitioner's unsupported claim of a court conspiracy against him is insufficient to excuse the exhaustion requirement. *See Banks v. Smith*, 377 F. Supp. 2d 92, 95-96 (D.D.C. 2005) (rejecting a habeas petitioner's futility argument

as "preposterous" when it was based on an unsupported claim that the state court was "part of a vast conspiracy"). The petitioner therefore has not demonstrated that seeking state remedies would be futile such that his failure to exhaust those remedies is excusable.

### III. Conclusion

As explained above, the instant petition is untimely and the petitioner has failed to exhaust his state court remedies. The respondent's motion to dismiss (Docket No. 17) therefore will be granted, the petition will be denied, and this action will be dismissed.

An appropriate order will be entered.

 Aleta A. Trauger
 United States District Judge